UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Charles Beck. <br><br> Plaintiffs <br><br> V. <br><br> Massachusetts Bay Technologies, <br> Brian Fallon and Charles Fallon <br><br> Defendants | ) <br> ) <br> ) <br> )    Docket <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

## INTRODUCTION

Plaintiffs file the foregoing diversity action against Defendants, Massachusetts Bay Technologies, Inc., a Massachusetts Corporation, (hereinafter "MBT"), and Brian Fallon and Charles Fallon, MBT's individual owners, seeking damages based upon fraud, misrepresentation and violations of Massachusetts wage and labor laws stemming, in part, from Charles Beck's misclassified employment status as an "independent contractor" of Defendants' business in Stoughton, Massachusetts. Defendants convinced the Plaintiff to leave his previous employment based on promises of employment with MBT and eventual share of potential profits. Defendants controlled nearly every aspect of Mr. Beck's employment, without properly compensating him at the agreed upon wage, refusing to provide overtime compensation, and without paying any of the expenses he incurred on behalf of Defendants.

Plaintiff's respectfully demand a trial by jury on all claims so triable.

## PARTIES

1. Plaintiff: Charles Beck ("Beck"), is a New Hampshire resident with a residential address of 10 Chestnut St, Apt. 2111, Exeter, New Hampshire, 03833. Despite being characterized as an independent contractor Beck was an employee of the Defendants from June 10, 2013 through September 9, 2015.

2. Defendant, Massachusetts Bay Technologies (MBT) is a Massachusetts Corporation with a business address of 378 Page Street, Stoughton, Massachusetts, 02072.

3. Defendant Brian Fallon is a Massachusetts resident with a residential address of 131 Chase Run, Stoughton, Massachusetts. Brian Fallon is a principal shareholder and President of MBT.

4. Defendant Charles Fallon is a Massachusetts resident with a residential address of 6 Laura Lane, Stoughton, Massachusetts. Charles Fallon is a principal shareholder and Vice President of MBT.

## JURISDICTION AND VENUE

5. There is complete diversity among the parties as required by 28 USC §1332(a) and the amount in controversy exceeds $75,000, as required by 28 USC §1332(a)(l).

6. MBT and the Fallons regularly transact business in the Commonwealth of Massachusetts and Plaintiff provided management services to the Defendants in Massachusetts, all within this jurisdiction.

## FACTS

7. MBT employed the Plaintiff beginning in June of 2013 after the Fallons persuaded him to retire from his former employment with Aeroflex Metallics Technology Corporation ("Aeroflex"). Throughout his employment, Defendants misclassified Mr. Beck as an independent

contractor when in fact he was an employee of the company.

8. Mr. Beck's annual salary while employed at Aeroflex was One-Hundred Thirty Five Thousand Dollars ($135,000).

9. Defendants promised Beck that following his retirement with Aeroflex, MBT would treat him as an independent contractor until November of 2013, and then retain him as a full time employee.

10. As a Massachusetts employer, MBT had a duty to comply with Massachusetts labor laws by, among other things, compensating Beck properly, tracking his hours and payroll for the Commonwealth of Massachusetts, paying its share of the FICA and payroll taxes, paying worker's compensation, providing health insurance and vacation time.

11. Despite this duty and the promises previously made to Beck, Defendants classified the Plaintiff as an independent contractor. Defendants advised Beck they were continuing to classify him as an independent contractor to save money.

12. Throughout Beck's employment at MBT, Defendants explicitly controlled how and when Beck performed his duties, including the days he worked, who he reported to, who he was assigned to work with, the location where he had to perform his duties and the work he was required to complete.

13. MBT employed Beck as an integral part of its management team responsible for the daily operations of its plant. Defendants repeatedly informed Beck that he would be considered as an employee as of November, 2013. Defendants also stated that Beck performed the duties typically assigned to an MBT employee, but wanted to keep him as an independent contractor to save money.

14. Beck was not engaged in an independently established trade, occupation or business. Nor was he providing similar, or any, services to any company other than MBT. To the contrary, he was hired to work for MBT, and no one else.

15. By treating Beck as an independent contractor Defendants deprived Beck of all the benefits of employment (as well as unemployment benefits) while also depriving the Commonwealth of tax revenue and obtained an unfair business advantage over companies that properly comply with labor laws. Nor did Defendants contribute to Social Security, Medicare, worker's compensation or unemployment insurance programs on Beck's behalf.

16. On September 9, 2015, Defendants terminated Beck when he refused to work additional days without additional compensation. In retaliation for Beck's demands that they honor their contractual obligations, Defendants terminated Beck's employment, without justification.

17. As a direct result of Defendants' conduct, Plaintiffs have incurred, and continue to incur damages, all within the jurisdictional limits of this Court.

## COUNT I
### Intentional and/or Fraudulent Misrepresentation

18. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

19. To induce Beck to retire from his previous employment and agree to work for MBT, Defendants intentionally made various false, misleading and fraudulent representations to him.

20. Defendants' fraudulent misrepresentations include, but are not limited to, informing Beck that he would be an MBT employee with a starting compensation package that included a an annual salary of $116,000.

21. Beck reasonably relied upon Defendants' misrepresentations to his detriment, by, among other things, retiring from his employment with Aeroflex and working at MBT, without healthcare, vacation, worker's compensation, and many other benefits.

22. As a direct result of Defendants' conduct, the Plaintiff has incurred, and continues to

4

incur damages, all within this Court's jurisdiction.

## COUNT II
### Violation of Massachusetts Independent Contractor Law

23. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

24. Throughout his MBT employment, Defendants treated and controlled Beck as an employee, by, among other things, mandating work schedules, assigning work details and management duties, directing to whom he reported and with whom he worked and controlling the nature and manner of his work.

25. MBT misclassified Beck as an independent contractor, rather than an employee, thereby violating M.G.L. c. 149 §148B and M.G.L. c. 149 §150.

26. Defendants' violation of M.G.L. c. 149 §148B was willfully made or made with reckless indifference to Beck's rights.

27. As a direct result of Defendants' conduct, Beck has incurred, and continues to incur, damages, including, but not limited to, lost wages, the loss of unemployment benefits, all within this Court's jurisdiction.

## COUNT III
### Violation of Massachusetts Wage Law -- Overtime

28. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

29. Defendants violated M.G.L. c. 149 §§ 148 and 150 and chapter 151 §IA by failing to pay Beck one and one-half times his applicable wage for all hours worked over 40 hours per week.

30. Defendants' violations of M.G.L.c. 149 §§ 148 and 150 and chapter 151 §IA were willful or made with reckless indifference to the rights of Beck and their employees.

## COUNT IV
### Violation of Massachusetts Wage Law
### Unpaid Wages

31. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

32. Defendants violated M.G.L. c. 149 §§ 148 and 150 by failing to pay Beck for all hours that he worked.

33. Defendants' violations of M.G.L.c. 149 §§ 148 and 150 were willful or made with reckless indifference to the rights of Beck and their employees.

## COUNT V
### Violation of Massachusetts Wage Law
### Deductions and Expenses

34. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

35. Defendants violated M.G.L. c. 149 §§ 148 and 150 by requiring Beck to pay for business expenses without reimbursement and making unlawful deductions against his wages.

36. Defendants' violations of M.G.L.c. 149 §§ 148 and 150 were willful or made with reckless indifference to the rights of Beck and their employees.

## COUNT VI
### Unjust Enrichment

37. Plaintiffs re-allege and incorporate, by reference, all allegations submitted in the previous paragraphs herein.

38. As a result of Defendants' conduct in misclassifying Beck as an independent contractor, Defendants forced Beck to bear the normal costs and incidental expenses of their business and have thus unjustly enriched themselves at the expense of and to the detriment of Beck in violation of the common law of Massachusetts.

39. By misclassifying Beck, as an "independent contractor" and requiring him to pay Defendants' own expenses, Defendants have been unjustly enriched.

40. As a direct and proximate cause of Defendants' conduct, Defendants have received substantial benefits to which they are not entitled, at Beck's expense, including lost profits, self-employment taxes and related insurance expenses, premiums for insurance to replace workers' compensation and disability benefits, business expenses, and other costs and expenses.

### COUNT VII
### Wrongful Discharge or Termination of Employment

41. Plaintiff re-alleges and incorporates, by reference, all allegations submitted in the previous paragraphs herein.

42. During his employment, Beck complained to Defendants, and their agents, about their failure to honor their previous agreements, and refused to accede to Defendants demand that he work at MBT an additional day, without additional compensation.

43. In retaliation for Beck's criticism, concerns and refusals, Defendants terminated Beck in September of 2015, without justification. Defendants' conduct violated public policy in that they terminated Beck's employment based upon his criticism of, and refusal to comply, with Defendants' illegal demands.

44. As a direct result of Defendants' conduct, Beck has incurred, and continues to incur, damages, all within this Court's jurisdiction.

Plaintiff hereby demands a trial by jury on all claims so triable.

## VERIFICATION

I hereby verify that the facts alleged in the foregoing Writ are true and correct to the best of my knowledge and belief.

_____
Charles Beck

State of New
Hampshire County of
Rockingham

On this __4__ day of March, 2016, personally appeared before me the above-named Charles Beck, and made oath that the foregoing assertions set for in this Writ are true and correct to the best of his knowledge and belief.

Date: 3/4/2016

_____
Notary Public/Justice of the Peace
My commission expires:

CARRIE HOLT
Notary Public, New Hampshire
My Commission Expires Mar 20, 2018

8